IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A.P.P. LOCAL UNION NO. 142 PENSION PLAN; TRUSTEES OF THE U.A.P.P. LOCAL UNION NO. 142 WELFARE FUND; AND TRUSTEES OF THE U.A.P.P. LOCAL UNION NO. 142 PROFIT SHARING PLAN, <br><br> Plaintiffs <br><br> VS. <br><br> TRIPLE C PLUMBING CONTRACTORS, INC., <br><br> Defendant | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 5:19-cv-551 |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the U.A.P.P. Local Union No. 142 Pension Plan, Trustees of the U.A.P.P. Local Union No. 142 Welfare Fund, and Trustees of the U.A.P.P. Local Union No. 142 Profit Sharing Plan, hereinafter referred to collectively as "Plaintiffs," or "Trust Funds," complain of and against Triple C Plumbing Contractors, Inc., hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION

1.  These are causes of action by Trustees of employee pension benefit plans and an employee welfare benefit plan to secure performance by an employer for specific statutory and contractual obligations to submit payroll records and documentation for an audit to confirm the accuracy of contribution reports and payments of employer contributions; and based upon the results of the audit, to enforce the obligations of the employer to pay delinquent employer

1

contributions, interest, liquidated damages, audit and legal fees thereon. This Complaint alleges that by failing, refusing, or neglecting to submit to a full payroll audit as required under Plaintiffs' respective Trust Agreements in order to confirm accurate and timely payment and reporting of employer contributions, plus interest and liquidated damages thereon, Defendant violated its Collective Bargaining Agreement, the Trust Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended. Plaintiffs also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit to a payroll audit and based upon the results of that audit, remit all deficient employer contribution reports and pay all delinquent employer contributions to Plaintiffs' employee benefit plans, plus interest, liquidated damages, attorneys' fees, and costs of court in order to prevent irreparable harm to the Trust Funds as well as Defendant's employees and its beneficiaries and dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq.*), hereinafter called the "LMRA."

## JURISDICTION

2. Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended. Jurisdiction is further conferred upon this Court under 28 U.S.C. Section 1331 based upon a federal question and under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce. Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendant.

## VENUE

3. Venue properly lies within the Western District of Texas, San Antonio Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)]. Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4. **Plaintiff, U.A.P.P. Local Union No. 142 Pension Plan**, ("Pension Plan") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)]. The Pension Plan is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Pension Plan is authorized to maintain a lawsuit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Pension Plan is to provide pension benefits to eligible participants and beneficiaries on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Plumbing and Pipefitting Collective Bargaining Unit of the MCA-SMACNA of San Antonio and Local Union No. 142 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO. The Pension Plan maintains its office and is administered by Southwest Service Administrators, Inc., 2425 N. Central Expressway, Suite 120, Richardson, Texas 75080.

5. **Plaintiff, Trustees of the U.A.P.P. Local Union No. 142 Welfare Fund**, ("Welfare Fund") is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37)

and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Welfare Fund is authorized to maintain a lawsuit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Welfare Fund is to provide health and welfare benefits to eligible participants and its dependents on whose behalf employers contribute under the Collective Bargaining Agreement with the Plumbing and Pipefitting Collective Bargaining Unit of the MCA-SMACNA of San Antonio and Local Union No. 142 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO. The Welfare Fund is administered by Southwest Service Administrators, Inc., 2425 N. Central Expressway, Suite 120, Richardson, Texas 75080.

6.      **Plaintiff, Trustees of the U.A.P.P. Local Union No. 142 Profit Sharing Plan**, ("Profit Sharing Plan") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)]. The Profit Sharing Plan is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Profit Sharing Plan is authorized to maintain a lawsuit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Defined Contribution Retirement Plan is to provide an annuity benefit to eligible participants and beneficiaries on whose behalf employers contribute under the Collective Bargaining Agreement with the Plumbing and Pipefitting Collective Bargaining Unit of the MCA-SMACNA of San Antonio and Local Union No. 142 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO. The Profit Sharing Plan maintains its office and is administered by Southwest Service Administrators, Inc., 2425 N. Central Expressway, Suite 120, Richardson, Texas 75080.

7. **Defendant, Triple C Plumbing Contractors, Inc.**, is a Texas corporation, operating and doing business in Canyon Lake, Comal County, Texas within the jurisdiction of Plaintiffs' Funds. Triple C Plumbing Contractors, Inc. is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act. Triple C Plumbing Contractors, Inc. may be reached for service of process by serving its registered agent, Patricia K. Coggeshall, 192 High Oaks Road, Canyon Lake, Texas 78133.

## FACTS

8. Defendant executed and delivered a written adoption agreement to the collective bargaining agreement dated August 11, 2015 with the Plumbing and Pipefitting Collective Bargaining Unit of the MCA-SMACNA of San Antonio and Local Union No. 142 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO. The collective bargaining agreement provides, *inter alia* for wages, benefits, and working conditions. The collective bargaining agreement sets forth the obligations of Defendant to comply with the established Plaintiffs' Trust Funds wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contract between the Plaintiffs' Trust Funds and Defendant provide for certain monetary contributions being paid into the Plaintiffs' Trust Funds and are more specifically set forth in the respective Trust Agreements and amendments thereto.

9. The Trust Funds named herein are express trusts with various employers and employer associations in the plumbing and pipefitting industry. The trusts were created and now exist subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

10. The Trust Fund Agreements provide for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees, at any reasonable time.

By this agreement, Defendant promised that in the event an audit of its payroll records reflected a deficiency of the monthly employer contributions, Defendant would pay Plaintiffs on account of each deficiency a sum equal to the principal employer contributions due, plus interest, liquidated damages, audit fees and legal fees and costs.

11. That by the terms of the Trust Agreement for Plaintiffs' Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreement. That Defendant agreed to deposit health benefit, pension, and defined benefit contribution plan employer contributions each month, or at such regular intervals as may be determined by the Trustees of the Funds to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

12. That Defendant breached its agreement with Plaintiffs by failing and refusing to submit requisite and timely payroll records despite repeated requests in writing since at least January 2019.

13. Plaintiffs would further show that several demands have been made on Defendant to submit its payroll records and forms listing all of Defendant's employees working in covered employment.

14.     In order to confirm the accuracy of certain payments made and to account for those employer contributions not remitted to Plaintiffs' Trust Funds, a payroll audit of Defendant's books and records is necessary, which could result in Defendant's liability for a deficiency in the payment of employer contributions plus liquidated damages, interest, and attorney's fees, as hereinafter alleged.

15.     That under the agreement as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate of one and one-half percent (1½%) per month of the principal deficient amount from the date the monies were due Plaintiffs, as well as liquidated damages in the amount of at least $750 but not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

16.     Plaintiffs are authorized to collect, on behalf of the Local Union sponsoring the Taft-Hartley employee benefit plan, working assessments and supplemental dues.  These monetary amounts have been contracted for by and between Defendant and the Local Union under the Collective Bargaining Agreement and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Trust Funds for distribution to the Local Union.  Defendant's failure to submit to a payroll audit thwarts Plaintiffs' efforts to verify payments of working assessments and supplemental dues for the period August 11, 2015 through the present.

17.     Plaintiffs' Trust Funds rely on payroll audits to verify that employer contributions are accurate and adequate for providing benefits to Defendant's employees and dependents.

18.     There exists no prompt or adequate remedy at law to redress the violation of ERISA as set forth herein above.

19. It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP, for the purpose of enforcing the payroll audit requirements of the Plaintiffs' Trusts and ultimately for recovering the employer contributions and damages required by the above-referenced agreement and seeking injunctive relief, and Plaintiffs are entitled to actual attorney's fees in connection therewith. In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages, and costs of court; in accord with the law, Plaintiffs seek and demand payment thereof.

20. Plaintiffs have performed all conditions precedent on its part to be performed under the terms of the aforementioned agreement.

21. A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendant, as follows:

    a.    Plaintiffs shall be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period August 11, 2015 through the date of the audit.

    b.    That upon completion of the payroll audit of Defendant's payroll records, Plaintiffs shall be entitled, to the full amount due and owing Plaintiffs' Trust Funds;

    c.    That Plaintiffs be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d. That Plaintiffs be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

e. That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the respective Trust Agreements, in an amount of at least $750, but not to exceed 20% of the contributions due;

f. That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to Plaintiffs' Trust Funds immediately;

g. That an Order permanently enjoining Defendant and its shareholders, agents, directors, officers, successors and assigns, for so long as it remains obligated to contribute to Plaintiffs from failing, refusing, or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

h. That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i. That Plaintiffs be awarded all costs of Court incurred herein; and

j. That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

　/s/ Douglas M. Selwyn　
Douglas M. Selwyn
State Bar No. 18022250
dselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone:　(713) 650-3850
Facsimile:　(713) 650-3851

ATTORNEYS IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002